# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

In the Matter of:                              }
                                               }
DEANDRE RUSSELL                                }          CASE NO. 11-82514-JAC-13
SSN:   XXX-XX-3000                             }
                                               }          CHAPTER  13
                            Debtor(s).         }

## MEMORANDUM OPINION

This case comes before the Court on a brief filed by the debtor in which he contests two claims filed by Redstone Federal Credit Union (RFCU).  Although the debtor is represented by counsel, the debtor is proceeding *pro se* in this matter against RFCU.[1]  Because the Court recognizes that *"pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," the Court will construe the debtor's brief as an objection to RFCU's claims.[2]  The Court having carefully reviewed the brief filed by the debtor and taking judicial notice of all pleadings filed in this case, finds that the debtor's objection to RFCU's claims is due to be overruled.[3]

---

[1]     On December 5, 2011, counsel for debtor filed a Response to Debtor's Brief in which counsel explained that her law firm has "repeatedly advised" the debtor that her firm does not believe that the debtor has a "legitimate basis upon which to base an objection or adversary proceeding with regard to Redstone's claims in this case."

[2]     *Shuler v. Ingram & Assocs.*, 2011 WL 4495624, n. 3 (11th Cir. 2011)(quoting *Boxer X v. Harris*), 437 F.3d 1107, 1110 (11th Cir. 2006)).

[3]     The Court finds that no hearing is required for additional oral arguments as the debtor has submitted ample material in support of his objection which the Court has carefully considered and the debtor made oral arguments during the confirmation hearings held on November 14, 2011 and December 12, 2011.

# PROCEDURAL HISTORY

The history of the RFCU's claims against the debtor dates back to 1995 and is briefly outlined below:

1. On or about August 16, 1995, RFCU filed a complaint against the debtor in the Circuit Court of Madison County, Alabama, CV 1995-1452, based on debtor's failure to pay on an account.

2. On October 5, 1995, the debtor filed a Chapter 13 petition in this Court and was represented by the law firm of Bonds, Botes, Sykstus and Larsen. On the same day, counsel for debtor filed a suggestion of bankruptcy in the Circuit Court of Madison County, Alabama.

3. On August 5, 1996, the debtor's 1995 bankruptcy petition was dismissed for failure to pay.

4. On or about September 25, 1996, RFCU filed a subsequent lawsuit against the debtor in the Circuit Court of Madison County, Alabama, CV 96-1628. On December 12, 1996, RFCU obtained a default judgment against the debtor in the amount of $12,400.16, plus $117.00 in court costs. There is no allegation that the debtor was not served with the complaint or the default judgment. RFCU recorded the judgment in the Probate Court of Madison County, Alabama. On September 12, 2006, the Circuit Court of Madison County, Alabama entered an order reviving the judgment.

5. On or about October 9, 1997, RFCU recovered a second judgment against the debtor in the amount of $3,113.39, plus $119 in court costs. RFCU recorded the judgment in the Probate Court of Madison County, Alabama. On or about July 27, 2007, RFCU revived the judgment.

6. The debtor owns certain real property located in Madison County, Alabama. On or about December 17, 2008, RFCU filed a Writ of Execution in the Circuit Court of Madison County,

requesting that the sheriff execute and sell the debtor's property for RFCU's benefit. On April 20, 2009, RFCU filed a withdrawal of execution on the grounds that the debtor had made payment arrangements.

7. On or about June 27, 2011, RFCU filed a subsequent Writ of Execution in the Circuit Court of Madison County requesting that the sheriff execute and sell the debtor's residence for the creditor's benefit. On July 21, 2011, the debtor filed the above styled Chapter 13 petition.

8. On August 2, 2011, RFCU timely filed two proofs of claim in the debtor's bankruptcy case for $27,761.66 and $7,203.48, both secured by the creditor's judgment liens.

## CONCLUSIONS OF LAW

Pursuant to the full faith and credit statute, 28 U.S.C. § 1738, state court judgments "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they were taken." Federal law requires the bankruptcy court to look to the law of the state in which the judgment was rendered and to give the judgment the same level of preclusive effect that it would receive from that state.[4] Accordingly, this Court must give effect to RFCU's Alabama judgments against the debtor if an Alabama court would do the same. In Alabama, the doctrine of res judicata or claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation on all matters that were or should have been adjudicated in the action.[5] "Under Alabama law, the essential elements of res judicata are: (1) a prior judgment on the merits, (2) rendered by a court of competent

---

[4] *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985).

[5] *Richards v. Jefferson County, Ala.*, 517 U.S. 793 (1996)*; In re Layfield*, 194 Fed. Appx. 637 (11th Cir. 2006).

jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits."[6] "If all these elements are met, any claim that was or could have been adjudicated in the previous action is precluded."[7]

The Court finds that each of these elements is satisfied in this case. The parties involved in the state court litigation are the same parties involved in this bankruptcy proceeding. The same cause of action is present in both proceedings as the proofs of claim filed by RFCU reference and are based upon the judgments the creditor obtained against the debtor in state court. There is no allegation that the Circuit Court of Madison County, Alabama did not have competent jurisdiction to adjudicate RFCU's claims against the debtor. Finally, the Court finds that the judgments entered against the debtor are prior judgments render on the merits for purposes of res judicata or claim preclusion even though RFCU obtained at least one or both of the judgments by default.

In *Martin v. Cash Express, Inc.*, 60 So.3d 236, 251 (Ala. 2010)(citing *State Farm Mut. Auto. Ins. Co., Inc. v. Day)* 414 So.2d 105 (Ala. Civ. App. 1982)), the Supreme Court of Alabama recognized the principle for purposes of res judicata or claim preclusion that "[a] default judgment is determinative of the issues presented in the complaint on which it is based, both in the action in which it is taken and in all subsequent actions." The court wrote:

> The traditional *res judicata* case (frequently referred to as a claim preclusion) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the

---

[6] *Burr & Forman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006)(quoting *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993)).

[7] *Id.*

> plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which *could have* been litigated in the prior action. . . . Likewise, under *res judicata* we have consistently rejected an attempt by a former defendant to relitigate issues that were, or could have been, raised in prior litigation that ended in a valid adjudication by a court of competent jurisdiction.[8]

Thus, under Alabama case law, courts "look not only to those claims or defenses that were raised, but also to those that could have been raised." [9] "[I]f a plaintiff wins, the defendant is barred from raising any defense that could have been litigated in the former action, regardless of whether it was actually litigated, if the matter constitutes a ground for an action against plaintiff."[10]  In this case, the debtor could have asserted the defenses that he now seeks to assert against RFCU as a defense to the prior actions against him, but is now precluded from using those same defenses as the basis to object to RFCU's timely filed proofs of claim.   While this Court recognizes that a default judgment will not satisfy the "actually litigated" element for purposes of issue preclusion or collateral estoppel, the Eleventh Circuit has explained that in a case involving res judicata in the sense of claim preclusion, the determinative factor is not whether the issue in question was litigated, but whether there was an opportunity to litigate the matter.[11]   In this case, the debtor had an opportunity to litigate the matters decided by the Circuit Court of Madison County, Alabama but

---

[8]  *Martin v. Cash Express, Inc.,* 60 So.3d 236, 250 (Ala. 2010).

[9]  *Id.* at 251.

[10]  *Id.* at 251-252.

[11]  *Jaffee v. Grant*, 793 F.2d 1182, 1188 (11th Cir. 1986); *See also In re Brennan*, 275 B.R. 172 (Bankr. D. Mass. 2002)(explaining that the applicable doctrine is claim preclusion rather than issue preclusion when a party seeks to preclude the relitigation of an entire claim previously reduced to judgment and concluding that a default judgment is entitled to finality for purposes of claim preclusion).

failed to do so. It was the debtor's failure to participate in the state court actions which prevented a trial on the merits in those actions and caused the entry of the two judgments against him.[12]

The debtor argues that the doctrine of res judicata does not apply in this instance due to some negligence allegedly committed by his attorneys during the 1995 bankruptcy case in failing to adequately investigate RFCU's claims against the debtor while his 1995 bankruptcy case was pending.[13] Debtor cites two cases in support of his argument, *Margolis v. Nazareth Fair Grounds & Farmers Market, Inc,* 249 F.2d 221 (2nd Cir. 1957) and *Societa Internazionale Turismo v. Barr (in re Lockwood)* 14 B.R. 374 (Bankr. E.D.N.Y.1981). The debtor argues that these cases stand for the proposition that a bankruptcy court may overturn a prepetition judgment based upon counsel for debtor's negligence. The *Margolis* case stands for the proposition that a bankruptcy court may look behind a previous judgment and disregard same where the judgment was obtained by collusion. *Margolis* is inapplicable as there is no argument that the judgments obtained by RFCU were obtained by collusion. The debtor's reliance upon *In re Lockwood*, 14 B.R. 374 (Bankr. E.D.N.Y. 1981) is also misplaced. The bankruptcy court in *Lockwood* refused to apply the doctrine of res judicata where the debtors participated in the underlying state court action by providing their state court attorney with all the documents they were required to produce, but the debtors' answer to the complaint was stricken for failure to comply with discovery orders due to their attorney's gross incompetence. In this case, the debtor asserts that his 1995 bankruptcy attorneys failed to properly

---

[12]     *In re Brennan*, 275 B.R. 172 (Bankr. D. Mass. 2002)(explaining that adopting a view that a default judgment is anything other than final for purposes of res judicata would undermine the utility of such a judgment and reward those who chose to ignore judicial proceedings).

[13]     The debtor was represented by the law firm of Bonds, Botes, Sykstus & Larsen in the 1995 case. The debtor is currently represented by the law firm of Larsen & Larsen. In 1995, John Larsen, Esq. was a partner in the Bonds, Botes, Sykstus & Larsen firm. Mr. Larsen is now a partner in the law firm of Larsen & Larsen.

advise him regarding his rights during his 1995 bankruptcy case. However, the debtor's 1995 petition was dismissed on August 5, 1996 for nonpayment. There is no allegation that the debtor's 1995 bankruptcy attorneys represented the debtor in the state court actions in which RFCU recovered the subject judgments. Accordingly, debtor's reliance upon *Lockwood* is likewise misplaced.

Based upon the foregoing, the Court finds, and it is ORDERED, ADJUDGED AND DECREED that debtor's objection to RFCU's claims is hereby OVERRULED.

DONE and ORDERED this day December 20, 2011

<u>/s/ Jack Caddell</u>
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
      Melissa Larsen, attorney for debtor(s)
      Jeffrey Cook, attorney for creditor
      Phillip Geddes, trustee